490 S.E.2d 259

**In the Matter of Charles H. CHILES, Rock Hill Municipal Judge, Respondent.**

**No. 24658.**

Supreme Court of South Carolina.

Submitted July 15, 1997.
Decided July 28, 1997.

Henry B. Richardson, Jr., Disciplinary Counsel, for complainant.

Charles H. Chiles, Rock Hill, Pro Se.

PER CURIAM:

In this judicial grievance proceeding, respondent admits that he has committed ethical violations and consents to a public reprimand. We accept respondent's admission and publicly reprimand him.

Respondent was a municipal judge for the City of Rock Hill from 1972 until he resigned in December 1995. In December 1992, Donald Robert Horne, a local businessman and friend of respondent's, was arrested by the City of Rock Hill and charged with driving under the influence and driving with a

suspended license. The charges were placed on the municipal court trial docket. However, in October 1993, respondent caused the charges to be dismissed by exercising undue influence on the arresting officer, without consideration of the merits of the case, in order to assist Mr. Horne in avoiding prosecution.

As a result of these actions, respondent was indicted by the State Grand Jury on November 12, 1996, for official misconduct in office. Respondent pled guilty as charged and was sentenced to one year imprisonment and fined $1,000, suspended upon service of 180 hours of community service work and payment of the fine, with two years' probation which may be terminated upon successful completion of the community service requirement and payment of the fine in full, but not sooner than one year.

At the time respondent committed these acts, he was in violation of the Code of Judicial Conduct, Rule 501, SCACR, specifically Canon 1 (failure to maintain and observe high standards of conduct to preserve the independence and integrity of the judiciary), Canon 2(A) (failure to respect and comply with the law, and failure to conduct himself in a manner that promotes public confidence in the integrity and impartiality of the judiciary), Canon 2(B) (allowing his family, social or other relationships to influence his judicial conduct and judgment, lending the prestige of his office to advance the private interests of others, and conveying or permitting others to convey the impression that they are in a special position to influence him); Canon 3(A)(1) (failure to be faithful to the law and maintain professional competence in it), and Canon 3(C)(1)(a) (failure to disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including where he had a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding).[1]

Respondent, who is also an attorney licensed to practice law in this state, violated Rules 8.4(b)-(e) of the Rules of Profes-

---

1. The Code of Judicial Conduct has been revised since the time the misconduct at issue occurred. Those revisions became effective October 1, 1996. The canons violated by respondent remain a part of the revised code although some bear different numbers.

sional Conduct, Rule 407, SCACR, by committing a criminal act which reflects adversely on his honesty, trustworthiness or fitness as a lawyer, engaging in conduct involving moral turpitude, engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and engaging in conduct that is prejudicial to the administration of justice.

Because respondent has violated the Code of Judicial Conduct and the Rules of Professional Conduct, he is also subject to discipline under Paragraph 1(b)(2) of the Rule on Judicial Discipline and Standards contained in Rule 502, SCACR. His conviction for official misconduct in office makes him subject to discipline under Paragraph 1(b)(1) (conviction for a crime of moral turpitude or a serious crime) of that rule as well.[2]

Under the facts of this matter, we find the appropriate sanction is a public reprimand. In addition, respondent shall not seek future appointment to any judicial office within the unified judicial system in South Carolina unless authorized by this Court.

PUBLIC REPRIMAND.

---

**2.** Effective January 1, 1997, the Rule on Judicial Discipline and Standards was replaced by the Rules for Judicial Disciplinary Enforcement (RJDE). The violations committed by respondent are now set forth in Rules 7(a)(1) and (3), RJDE, Rule 502, SCACR.